The third case this morning is 522-0701, People v. Kendra O'Brien. Arguing for the defendant appellant is Craig Hansen. Arguing for the state appellee is Diane Campbell. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note only the clerk of the court is permitted to record these proceedings. Counsel for the appellant, are you ready to proceed? Craig Hansen Yes, Your Honor. You may proceed. Please state your name for the record. Craig Hansen Good morning. May it please the court, opposing counsel, I am Craig Hansen from the Office of the State Appellate Defender on behalf of the appellant, Ms. Kendra O'Brien. This case concerns the trial court's duty to appoint counsel to represent and assist a defendant in preparing and presenting post-plea motions as required by Supreme Court Rule 604. While the record of correspondence between Ms. O'Brien and the trial court is replete with claims and issues unrelated to the instant case, the only issue properly before this court is whether Ms. O'Brien was afforded the assistance of post-plea counsel. This issue does not turn on the merits of Ms. O'Brien's underlying claims or whether those had they been properly considered by the trial court. Accordingly, this court should confine its analysis to the sole issue of whether Ms. O'Brien received the assistance of counsel contemplated by Rule 604. Within 30 days following Ms. O'Brien's plea and sentencing, she wrote three letters to the trial court. The trial court construed Ms. O'Brien's first letter as an attempt to withdraw her plea and held a hearing during which she appeared with her trial counsel. While it is true that Ms. O'Brien stated during this hearing that she did not intend to withdraw her plea, the court never appointed post-plea counsel in response to Ms. O'Brien's second or third letters, both of which were filed within 30 days of her plea and sentencing. In her second letter to the court, Ms. O'Brien used the same appeal language that the trial court had earlier construed as an expression of her interest in withdrawing her plea. In her third letter, she again requested an appeal but also noted that she addressed her appeal request in two other cases to the appellate court but makes clear she is addressing the trial or the circuit court in this letter. Despite Ms. O'Brien's use of the same appeal language, the trial court inexplicably construed her second and third letters differently than the first. The record is unclear as to whether the trial court judge even reviewed Ms. O'Brien's second and third letters since the only docket entries concerning these second and third letters were dated the day after the clerk filed the notice of appeal. In reviewing Ms. O'Brien's second and third letters, the court specifically declined to act on them due to the impending appeal. This suggests the court read these letters and considered them only after the most telling however is the notice of appeal itself where Ms. O'Brien indicates her belief that she had filed a motion to withdraw her plea on October 18th which coincides with the third letter to the court. The duty to appoint post plea counsel precedes the filing of a post plea motion. The purpose of this order of events is to ensure that defendants are afforded the assistance of counsel necessary to prepare such a motion. To suggest that Ms. O'Brien's statement that she did not wish to withdraw her plea which she made at the post plea hearing bars her from manifesting a subsequent and timely expression of an interest in withdrawing her plea is to foreclose the possibility that a defendant may change his or her mind within the 30 days they have to file a post plea motion. This case is most similar to People v. Barnes which held that the unless the judge finds that the defendant knowingly waives the right to appointed counsel. This holding is not limited by a defendant's one-time declination to withdraw his or her plea. Yes Ms. O'Brien did tell the court that she did not want to withdraw her plea during the post plea hearing however in two subsequent letters to the court she may clear her desire to challenge the court's judgment using nearly identical language. Trial courts have a duty to liberally construe the nature of a pro se defendant's post plea motions and a defendant need only demonstrate a desire to seek relief from the judgment to effectively request the assistance of counsel in the preparation of post plea motions. Here in spite of their inartful wording all three of Ms. O'Brien's letters to the trial court indicated her desire to seek relief from the court's judgment. Accordingly she was entitled to the appointment of post plea counsel. Even the most cursory review of Ms. O'Brien's correspondence and filings with the court reveal a defendant who lacks any degree of legal sophistication or knowledge. If her first letter requesting an appeal resulted in a hearing during which she appeared with counsel what reason would she have to think that the same use of the appeal language would have a different result? It is precisely because many defendants lack the requisite legal sophistication that the trial court's duty to appoint post plea counsel precedes the requirement for filing a post plea motion. Here Ms. O'Brien's second and third letters become more detailed. She claims that plea counsel operated under a conflict of interest. She specifically asks for new counsel. She suggests that plea counsel pressured her into a plea by threatening the imposition of a longer sentence. She states that she can't get the correct papers to file but that she believes that her letters on this subject are adequate. All of these issues are most appropriately addressed in a post plea motion and the trial court was aware of these issues within the 30 days of her plea and sentencing. For the trial court to fail to appoint counsel in the face of such claims deprives defendants of the right to counsel contemplated by rule 604. If surely defendants such as Ms. O'Brien are the most in need of this counsel in the preparation of post plea motions. Accordingly Ms. O'Brien respectfully requests that this court remand her case for the appointment of post plea counsel and the opportunity to file a motion to withdraw her plea. Thank you. Any questions? Any questions Justice Bowie? Not at this time. Justice Barberis? No. Counsel for the uh for the state you may proceed. Please state your name for the record. Good morning your honors counsel. My name is Diane Campbell. I'm representing the people of state of Illinois this morning. I disagree with opposing counsel. The question before this court is the defendant's failure to file a motion to withdraw her guilty plea. Under the Supreme Court ruling in Foster which I cite in my brief at page six, the court held that the appellate court has jurisdiction in an appeal but rule 604 precludes the appellate court from considering the merits of the appeal unless the defendant first filed with the trial court a written motion to withdraw the guilty plea. When no written motion to withdraw the plea is filed the appellate court must dismiss the appeal leaving post conviction petition as defendant's remedy. That's at 471. At 472 the court continues rule 604d makes the filing of the motion to withdraw the plea a condition precedent to an appeal. As this court well knows the Supreme Court rules are in fact rules not mere suggestions. My opposing counsel said that notes the language from the defendant's first letter which is at c 49 which is I am requesting appeal. Nowhere in that first letter did the defendant say that she wanted to withdraw her plea. Nonetheless in excess of caution the court did summon her back to court. She was represented at that time by her attorney Mr. Shankle. Mr. Shankle and the defendant conferred to 20 for 20 to 30 minutes before the hearing. At the hearing that's at in the record at 24. At the hearing counsel says the defendant does not want to withdraw her plea and notes that she has some questions and concerns regarding the interplay of her sentences in Illinois and Indiana. That's at our 24 to 25. The court then discusses personally with the defendant her concerns. That's at 26 to 29 explains why it can't do what the defendant wants in that she can't appeal from her prior cases. It can't address the consecutive or discretionary nature of those sentences. That the sentence in this case is a mandatory consecutive talks about the interest date to detain her promise to send her back and that it can't order the Indiana court to have defendants sentences served concurrently and the defendant says she is asked about that in Indiana. The court then specifically clarifies personally with the defendant that she does not want to withdraw her guilty plea and that it was in fact not a motion to withdraw her guilty plea. That's at our 31. The court then and this is a key I think for distinguishing the following two she has to do is file a motion to withdraw her plea. That's at our 31 in the second letter which is at our 51 or sorry C 51. The defendant says I'm appealing case 2021 CF 107 at C 50. I believe she asked for a new lawyer on appeal in people versus Meribeth. The court notes a it distinguishes between a defendant's request for a new council on appeal and then in the third letter at C 56. I wrote to appeal case and then she refers to her other cases and then to white county court on 2021 CF 107. So again her references are to appealing the case and the distinction in this case with the first one is the defendant has just had an extended discussion with the defendant in court. She said she didn't want on similar language said she was not moving to withdraw her guilty plea and the court specifically said the first thing you have to do is move to withdraw your guilty plea. So in many of the cases that brief are in accordance with the admonition exception and that's recognized in a number of cases including Griffin I think but the that exception is recognized for defendants who have not received adequate rule 405 b admonishments that in fact they must file a motion to withdraw their guilty plea. In this case defense counsel did not argue that the defendant was not adequately advised under 405 and as I said again at the hearing the trial judge reiterated that she must file first the motion to withdraw her guilty plea. This is clearly a case of procedural default and this court must dismiss the defendant's appeal leaving her with a post-conviction remedy. I would like to note that in preparing for today's argument I checked the IDOC website and this court can take judicial notice of information on IDOC website and that states that the defendant is in fact currently incarcerated in Decatur. It lists her admission date there as 12 27 22. She is serving her time on the meth delivery and the felony failure to return and the aggravated battery from White County. So in fact one of her major concerns was the order and nature of serving and she wanted to serve her sentences in Illinois. She has achieved at least that goal. So defense counsel never states that she actually wants to withdraw her guilty plea. She never stated that in her correspondence with the court. She always said she wanted to appeal. Again this is clearly a procedural default and this court must dismiss this appeal. Defense counsel mentioned that this case should be controlled by Barnes but the Barnes argument was distinguished and rejected by the appellate court in Meriwether and in Meriwether in that case the defendant filed a notice of appeal instead of filing the motion to withdraw the guilty plea pursuant to 604d and the court found procedurally default and dismissed the appeal. That's at 13 and I believe 25. It notes that the language of 604d requires the appointment of counsel after the defendant filed a motion to withdraw the plea. That's at 25 to 26. It rejects that 30 days after the guilty plea is a critical stage during which defendant has an absolute right to counsel. That's at 28 and it rejects the comparison with Griffin and Barnes since neither of those defendants filed a notice of appeal as did the defendant in Meriwether. That's at 27. Again the defendant here filed a notice of appeal. It was attached to her third correspondence and again throughout the correspondence she states that she is appealing. Do you, did I address, do your honors have any other questions? Justice Bowie? And I'm looking at that notice of appeal attached and and Ms. O'Brien references consecutive sentences essentially with the other two cases, correct? Not the case that we are dealing with today. Correct. Just wanted to make sure I was reading this correctly. So I have no. Again that was addressed by the trial court when it had the hearing and that is at, I think it's 26 to 29 in the transcript. So that was fully explained to the defendant prior to her explicitly telling the trial court that her correspondence was not a motion to withdraw a guilty plea. That she did not want to withdraw her guilty plea because she didn't want to risk getting more time, which was the six years she got for the escape. Oh and a minor note, the defendant said or sorry opposing counsel mentioned that or suggested that defense counsel Schenkel pressured her somehow. The defendant's statement was that her son was the one that pressured her to accept the guilty plea and Schenkel only advised that there was a possibility she would get the 10 years, which was the maximum if she did not plead on the, but she was eligible for the extended range for six to 10 due to her priors. And certainly there were egregious conditions where, you know, she failed to appear to serve her meth sentence. She then ran away to Indiana and committed her other meth sentence for which she received a 15 year sentence in maximum security. So I certainly do not think it would be unfounded that she would get a very much higher sentence than the minimum six years had she gone to trial and not had a fully negotiated plea for the six years. Any other question Justice Barberis? No, thank you. Rebuttal. Thank you, your honors. I'd like to begin with a few points to make clear. First, the state's argument leaves absolutely no room for a defendant to change their mind. Essentially, once a defendant advises the court that they do not wish to withdraw their guilty plea, the state's argument would make that statement binding on that defendant entirely despite the 30 days contemplated by rule 604. Additionally, to be clear, Ms. O'Brien asserts no claim that she is entitled to relief under the admonition exception. So to that extent, while certainly opposing counsel's recitement of the admonition exception is correct, it is completely inapplicable in this particular case. State, in its argument, doesn't explain why the court treated similar letter, the similar letters, differently by public hearing in response to the first and then acted differently despite the fact the second and third letters include claims that are most appropriately addressed during a post plea hearing and a motion to withdraw a guilty plea. The state itself gave an excellent recitation concerning Ms. O'Brien's confusion regarding her sentencing and the order in which and the length of her sentences. So I believe the state was correct in articulating Ms. O'Brien's confusion. I don't mean to stop you there, counsel. My reading of the letters, the correspondence, it's not confusion. It's she just didn't want to serve consecutive sentencing. I don't read these as being confused. I'm talking about opposing counsel's recitation of the dialogue between the court and Ms. O'Brien during the hearing. Okay, thank you. And thank you for allowing me the opportunity to clarify that, Justice. The state does rely heavily on Meriwether. I think it's distinguishable here, Ms. O'Brien's post plea letters are distinguishable from the notice of appeal filed by the defendant in Meriwether. In Meriwether, the appellate court was focused on the contents of the defendant's post plea filing, which was styled as a notice of appeal, contained a heading for the appellate court and stated explicitly that the defendant, quote, gave notice that the appeal is taken from the order of judgment. There, the appellate court found the defendant's pro se finding, or excuse me, pro se post plea filing, sought to directly appeal the order of judgment. So I think that's distinguishable. I'd like to talk also about People v. Brooks, which is based heavily on Foster, which opposing counsel raised. Brooks, and to that extent, Foster is factually distinguishable from the case. First, the defendant Brooks admitted that he discussed an appeal with his trial counsel following sentencing. However, the analysis in Brooks turns on a single letter to the court in which Brooks stated only that he wished to appeal his sentence. Unlike Brooks, Ms. O'Brien sent several letters containing claims and issues appropriate for disposition in a post plea motion, and I think that makes it distinguishable from Brooks, and to that extent, Foster. Again, the issue here, and we had a lot of discussion today concerning Ms. O'Brien's other cases. The issue that is before this court is whether she was entitled to post plea counsel based on her correspondence with the court. We understand the Supreme Court, it's still good law that the duty to appoint counsel precedes the filing of a motion, a post plea motion. That did not occur, and I believe that this court would be best advised to focus on that particular issue and not get down in the weeds on what she believed was happening in other cases. Yes, the record is replete with the intermixing of all these three cases, but the issue appropriately before this course is whether she had the benefit of counsel to prepare post plea motions after evincing and raising a desire to contest the judgment and raising claims that are most appropriately addressed in a post plea motion. She didn't get that help. She did not get that help. Thank you, Your Honors. No questions. Justice Barberis? None, thank you. Court will take the matter under advisement and issue its decision in due